# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2631

Re: Authority of a department
to purchase and pay for
supplies out of the appro-
priation for one fiscal
year, where such supplies
are not to be delivered
until the succeeding fis-
cal year.

Your request for our opinion, as stated in your
letter of August 14, 1940, is as follows:

"On May 20th of this year this depart-
ment requested your opinion upon the ques-
tion whether the Comptroller would be
authorized to make a purchase for supplies
and pay for same out of an appropriation
made for the general maintenance of the
Comptroller's department for the fiscal
year ending August 31, 1940, which sup-
plies may or may not be delivered during
the month of August, 1940.

"You answered this request by your
opinion O-2380 dated July 26, 1940.

"Would the same rule apply if the
Comptroller through the Board of Control
by proper contract purchased an item,
the nature of which would classify it
as a fixed asset of the State; that is,
the item might be used not only in the
one fiscal year but may be owned and used
by the State for a number of years; in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

fact, it might be termed as a capital asset
of the State of Texas, and pay for same out
of the specific appropriation made for the
fiscal year ending August 31, 1940?  The
article purchased may be delivered after
the close of the fiscal year 1940."

Our opinion No. 0-2380 correctly decides the
question propounded therein, in the light, of course,
of the specific facts stated.

Your present inquiry does not present the
identical question decided in that opinion, but pre-
sents a different fact situation, which is not answer-
ed therein, except possibly by inference.

The cardinal rule is that money appropriated
to a department or institution to be expended for sup-
plies to be used and consumed during a given fiscal
year, may not in any event be expended for supplies in-
tended for use and consumption during another fiscal
year.  As pointed out in our Opinion No 0-2380, our ap-
propriations, while made for two years by the Appropria-
tion Act, are nevertheless specifically for each separate
year of the biennium.

It does not follow, however, that supplies
needed and intended for use during the first year of
the current biennium may not be purchased and paid for
out of the appropriation for that year, notwithstand-
ing the quantity of such supplies may in fact be in
excess of the actual needs for that particular year.
In Opinion 0-2380 we said:

"In the very nature of things, exact
estimates are impossible; and legislative
enactments must be interpreted, if possi-
ble, in the light of the realities.  Of
course, therefore, supplies may be paid for
out of the year's appropriation, though a
part of them may be carried over for use
during the next fiscal year."

With respect to those supplies, or things
which, as you state, might be termed "a capital asset

of the State", the rule is that such supply or fixture may be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation has been made. Fixtures, equipment and supplies whatsoever that do not perish with their use, but which may be continuously used after the year in which they are purchased, are not governed by the identical principles applicable to those supplies which are consumed with their use. Thus, machines, fixtures, books, and the like, are not consumed during the year they are purchased, but they last for many years. Such "capital assets" of the State may therefore be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation for such article has been made. This is true regardless of the year in which the delivery is made, since the purchase during the proper year amounts to an expenditure or commitment of the appropriation for that year.

In construing the Appropriation Bill, as in construing any other legislative act, the intent of the Legislature governs. When the Legislature has authorized the purchase of equipment or supplies, which are not consumable by use during the year for which they are authorized to be purchased, it is obvious that the intent is not to provide for the operating expense of the department for the year during which the appropriation is available for expenditure, but, on the contrary, to provide for an addition to the permanent operating facilities of the department or institution. Since the reason for the rule announced with respect to the type of expenditure involved in 0-2380 does not exist with reference to this type of expenditure, the rule, of course, does not apply.

It must be borne in mind, that where there has been a specific appropriation for an item for one year only, such expenditure must be made during that year, and cannot be made during the next year. To illustrate, suppose there is an appropriation to a department for an item of fixture for the fiscal year ending August 31, 1940, but no corresponding appropriation for the year 1941. Clearly, the expenditure would have to be made during the year 1940, even though the delivery should be postponed until 1941, and the payment would be made from the appropriation for 1940. Such an appropriation in the nature of the situation is for a

fixture to be used beyond the current fiscal year in which the purchase is to be made. Actual delivery, therefore, is not always the test.

Trusting that what we have said will have satisfactorily answered your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 19, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

And

R. W. Fairchild
Assistant

OS-MR
RWF-MR